UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                              CASE NO: 2:14-cr-29-FtM-29DNF

RAMON ALMENGO

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's *pro se* Motion for Expungement of Record in Case of Acquittal and Release Without Conviction (Doc. #70) filed on September 23, 2014. The United States' Response in Opposition (Doc. #72) was filed on November 28, 2014.

Defendant was indicted in this case and went to trial. At the conclusion of the government's case, the Court granted defendant's Rule 29(a) motion for a judgment of acquittal. Defendant now moves to expunge all the judicial records relating to the case. The parties dispute whether the Court has jurisdiction over such a motion, and if so, whether it should be granted. While defendant refers to "expunging" the court file, he is essentially asserting that the court file be sealed. Viewed in this light, the Court finds that it does have jurisdiction to consider such a sealing of court records, but finds no legitimate basis to seal the records in this case. Therefore, the motion will be denied.

There is no statute which allows the court to "expunge" court records in a criminal case when defendant has not been convicted of the charged offense. Neither party, nor the Court, has located controlling Eleventh Circuit authority. The government cites some binding Fifth Circuit case law which states that a court's ability to expunge matters of public record is one of exceedingly narrow scope, but those were civil cases and different contexts. In the context of this criminal case, defendant is essentially requesting that the court seal its own records. There is a well-established presumption in favor of public access to judicial records. As the Eleventh Circuit recently stated:

> We have discretion to determine which portions of the record should be placed under seal, but our discretion is guided by the presumption of public access to judicial documents. "What transpires in the court room is public property," Craig v. Harney, 331 U.S. 367, 374, 67 S.Ct. 1249, 1254, 91 L.Ed. 1546 (1947), and both judicial proceedings and judicial records are presumptively available to the public, Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir.2001). As Judge Easterbrook has explained, "Judges deliberate in private but issue public decisions after public arguments based on public records .... Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." Hicklin Eng'g, L.C. v. Bartell, 439 F.3d 346, 348 (7th Cir.2006).
>
> The right of the public to access judicial records is grounded in the common-law right of access. The Supreme Court has explained that there exists "a general right to inspect and

copy public records and documents, including judicial records and documents," but that this common-law "right to inspect and copy judicial records is not absolute." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978) (internal footnote omitted). Courts have discretion to determine which portions of the record, if any, should remain under seal, and this discretion is "to be exercised in light of the relevant facts and circumstances of the particular case." Id. at 599, 98 S.Ct. at 1312–13.

To determine the scope of the common-law right of access, which applies in both criminal and civil proceedings, we "traditionally distinguish between those items which may properly be considered public or judicial records and those that may not; the media and public presumptively have access to the former, but not to the latter." Chicago Tribune, 263 F.3d at 1311. We have explained that, at least in the context of civil proceedings, the decision to seal the entire record of the case—including the pleadings, docket entries, orders, affidavits, and hearing transcripts—must be "necessitated by a compelling governmental interest [ ] and [be] narrowly tailored to that interest." Id. (quoting Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 (11th Cir.1985)). When a party seeks to seal only particular documents within the record, our task is only "to balance the competing interests of the parties." Id. at 1312. "Our case law lists several relevant factors to consider, including 'whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, [and] whether access is likely to promote public understanding of historically significant events.' " F.T.C. v. AbbVie Prods. LLC, 713 F.3d 54, 62 (11th Cir.2013) (quoting Newman v. Graddick, 696 F.2d 796, 803 (11th Cir.1983)). The contours of this common-law right have been explored primarily in the context of

> criminal and civil matters, but these principles, coupled with the presumption that judicial records should be available to the public, govern our decision in this immigration case too.

<u>Perez-Guerrero v. U.S. Attorney General</u>, 717 F.3d 1224, 1235-36 (11th Cir. 2013). Applying these principles, the Court finds that no portion of the court file should be sealed or "expunged."

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Expungement of Record in Case of Acquittal and Release Without Conviction (Doc. #70) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___11th___ day of December, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record